# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30311

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

RICHARD LYNN LONG, JR.,

Plaintiff-Appellant

v.

LEE HARRELL; TINA HILL; MARK DRAKE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-3194

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Lynn Long, Jr., Louisiana prisoner # 363322, filed a civil rights complaint under 42 U.S.C. § 1983 against three officials of the Richland Parish Detention Center alleging that, as a pretrial detainee, he had been placed in administrative segregation without due process in violation of the 14th Amendment. The district court dismissed Long's complaint for failure to state a claim upon which relief could be granted. The district court found that Long had failed to allege a due process violation because his condition of confinement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30311

was the result of a reasonable nonpunitive governmental objective—his safety and the safety of the other inmates. Long moved for leave to appeal in forma pauperis (IFP). The district court denied the motion and certified that the appeal was not taken in good faith under 28 U.S.C 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3). Long challenges the certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Long asserts that he was denied due process when, without a hearing, he was placed in administrative segregation. As a state may not punish someone not yet convicted of a crime, a condition or restriction of pretrial detention that constitutes punishment implicates the protection against the deprivation of liberty without due process. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Long has failed to allege any evidence to support that he was placed in segregation as punishment or that the safety concerns were not legitimate. Accordingly, the IFP motion is DENIED. *See Baugh*, 117 F.3d at 202. Because the appeal does not involve legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

The district court's dismissal and the dismissal of this appeal count as two strikes against Long. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Long is cautioned that, should he accumulate three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.